UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMARI TAHIR,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>HUGH BANGASSER, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-0586JLR<br><br>ORDER TO SHOW CAUSE |

Before the court are *pro se* and *in forma pauperis* Plaintiff Omari Tahir's complaint (Compl. (Dkt. # 4)) and Magistrate Judge Mary Alice Theiler's order recommending that the court review Mr. Tahir's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 3) at 1). The court has reviewed Mr. Tahir's complaint and concludes that it appears frivolous and fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (requiring the court to dismiss any *in forma pauperis* complaint that is frivolous or fails to state a claim). Accordingly, the court DIRECTS the Clerk to

//

ORDER - 1

refrain from issuing summonses and ORDERS Mr. Tahir to show cause why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Mr. Tahir's lawsuit arises out of his March 15, 2017, eviction. (Compl. ¶¶ 15, 27.) Mr. Tahir asserts claims against Midtown Limited Partnership, the managing partners of Midtown Center, LLC (collectively, "Midtown Defendants"), the King County Sheriff's Department, and the Seattle Police Department ("SPD"). (*Id.* at 1, ¶¶ 6-14.) According to Mr. Tahir, each of those defendants was complicit in some manner in violating his rights during the eviction and related unlawful detainer action, which he characterizes as "bogus." (*Id.* ¶¶ 15-19, 24-25.) The facts Mr. Tahir alleges, however, depict a standard enforcement of an unlawful detainer judgment. (*See id.*) Mr. Tahir therefore premises the illegality of the parties' actions on the asserted impropriety of the eviction order. (*Id.*) However, none of Mr. Tahir's allegations against Midtown Defendants, the Sheriff's Department, or the SPD undermine the validity of the eviction order. (*See generally id.*) Nonetheless, Mr. Tahir asks the court to "take jurisdiction over all illegal action concerning" Mr. Tahir and the defendants, stay the eviction order and any contempt orders issued by Washington state courts, and find the defendants liable for a minimum of $1,000,000.00 in damages. (*Id.* ¶¶ 26-28.)

These claims appear frivolous and fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The only party that Mr. Tahir alleges took unconstitutional action toward him is the trial judge (*See* Compl. ¶¶ 21-23), who is not a defendant and whose actions are absolutely immune from suit, *see, e.g., Forrester v. White*, 484 U.S. 219, 225

//

ORDER - 2

(1988). He fails to provide any basis to afford him the relief he seeks against any of the named defendants.

Furthermore, Mr. Tahir's litigious history in this court, much of which involves similar parties and subject matter, suggests that his claim is frivolous. He has improperly removed the unlawful detainer action to federal court three times. *See Tahir v. Midtown Limited P'ship*, C15-2017JCC (W.D. Wash.), Dkt. # 43 at 3; *Midtown Limited P'ship v. Tahir-Garrett*, C16-1830JCC (W.D. Wash.), Dkt. # 11; *Midtown Limited P'ship v. Tahir-Garrett*, C17-0587JCC (W.D. Wash.), Dkt. # 6. He has had claims dismissed against multiple Midtown Defendants as duplicative of another action currently pending before the court. *See Tahir v. Sawant*, C16-0413JLR (W.D. Wash.), Dkt. # 36. Further, he recently had racketeering claims against private parties involved in the same development dismissed as frivolous and malicious under Section 1915(e)(2)(B). *See Tahir v. Eisenberg*, No. C16-1621RSM (W.D. Wash), Dkt. ## 5, 7-9.

As this court has previously warned Mr. Tahir, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990); *Midtown Limited P'ship v. Tahir-Garrett*, No. C17-0587JCC, Dkt. # 6 at 2. Mr. Tahir's complaint suffers from deficiencies that require dismissal if not adequately explained in response to this order. The court ORDERS Mr. Tahir to show cause why his lawsuit should not be dismissed for frivolity and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Mr. Tahir must respond to this order no later than May 19, 2017, and his response may not exceed eight

1 | (8) pages. The response must contain a short and plain statement explaining (1) which
2 | defendants committed which alleged violations of law, (2) what facts support each
3 | alleged violation of law, (3) how those alleged violations caused harm to Mr. Tahir, and
4 | (4) how this case differs from Mr. Tahir's other cases that are currently pending in this
5 | district. *See, e.g., Tahir v. Midtown Limited P'ship*, C15-2017JCC; *Tahir v. Sawant*,
6 | C16-0413JLR. Failure to timely show cause in response to this order will result in the
7 | dismissal of this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 7th day of May, 2017.

JAMES L. ROBART
United States District Judge