UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMARI TAHIR,

          Plaintiff,

v.

HUGH BANGASSER, et al.,

          Defendants.

CASE NO. C17-0586JLR

ORDER

On May 7, 2017, after concluding that Plaintiff Omari Tahir's complaint appears frivolous and fails to state a claim, the court ordered Mr. Tahir to show cause why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (OSC (Dkt. # 5) at 1-4.) The court ordered Mr. Tahir to respond no later than May 19, 2017, and cautioned that failure to timely show cause in response to the order would result in the dismissal of this case pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 4.) On May 22, 2017, three days after the deadline to respond, the court received Mr. Tahir's response. (Resp. (Dkt. # 6).)

ORDER - 1

In addition to being untimely, Mr. Tahir's response confirms the frivolity of his lawsuit. Mr. Tahir complies with the court's order to show cause by identifying "which defendants committed which alleged violations of law. " (OSC at 4; *see* Resp. at 4-5.) He asserts that various defendants violated RCW 59.18.312, RCW 49.60.040, and RCW 59.18.230. (Resp. at 4-5.) Those state law claims fail to confer jurisdiction over Mr. Tahir's claims because complete diversity is lacking between Mr. Tahir and the defendants. (*See* Compl. (Dkt. # 4) ¶¶ 5-14); 28 U.S.C. § 1332(a). Although he also invokes his "freed slave's treaty rights under the US Constitution's Fourteenth Amendment" (*id.* at 1) and the Thirteenth Amendment (*id.* at 2), he does so in an irrelevant discussion of American history and does not tie those rights to the allegations in his complaint (*see id.* at 1-4).

As the court noted, Mr. Tahir's claims, as alleged, appear frivolous and fail to state a claim. (OSC at 1 (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)).) To the extent Mr. Tahir clarifies his claims in his response to the court's order to show cause, he confirms that the court lacks subject matter jurisdiction over this action. A complaint is frivolous under 28 U.S.C. § 1915 where the court lacks subject matter jurisdiction. *See, e.g.*, *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987); *Gorski v. Cty. of Marin*,

//

//

//

//

//

No. 07-cv-00322-JSC, 2017 WL 914327, at *1 (N.D. Cal. Mar. 8, 2017). Accordingly, the court DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

Dated this 23rd day of May, 2017.

JAMES L. ROBART
United States District Judge

---

[1] In its order to show cause, the court partially recounted Mr. Tahir's extensive history of frivolous litigation in the Western District of Washington. (5/8/17 Order at 3 (citing *Tahir v. Midtown Ltd. P'ship*, No. C15-2017JCC (W.D. Wash.), Dkt. # 43 at 3; *Midtown Ltd. P'ship v. Tahir-Garrett*, No. C16-1830JCC (W.D. Wash.), Dkt. # 11; *Midtown Ltd. P'ship v. Tahir-Garrett*, No. C17-0587JCC (W.D. Wash.), Dkt. # 6; *Tahir v. Sawant*, No. C16-0413JLR (W.D. Wash.), Dkt. # 36; *Tahir v. Eisenberg*, No. C16-1621RSM (W.D. Wash), Dkt. ## 5, 7-9).) The court cautions Mr. Tahir that filing future frivolous complaints may lead the court to designate him a vexatious litigant and impose pre-filing requirements. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.").